UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONJUARELL YOWELL,

    Plaintiff,

v.

RAYMOND BOOKER, et al.,

    Defendants.
_____/

CASE NO. 2:13-CV-10029
JUDGE SEAN F. COX
MAGISTRATE JUDGE PAUL J. KOMIVES

MEMORANDUM ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (docket #27)

Plaintiff Donjuarell Yowell commenced this action on January 2, 2013, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting claims of deliberate indifference to his medical needs in violation of the Eighth Amendment. On April 2, 2013, plaintiff filed this motion to amend his complaint. Plaintiff's motion is a single page, and seeks to amend his complaint "to include United States Constitutional First Amendment violation of his right to free speech and complaint," and to "add defendant Yvonne Allen, Ryan Prison Director of Nursing," who was "duly notified of [his] medical needs and failed to provide, or have provided to [him] adequate, timely and necessary health care" and who "failed to properly train or to supervise her subordinates[.]" Plaintiff's motion provides no further detail regarding his proposed new claims under the First Amendment and against Allen, and plaintiff has not provided a copy of the proposed amended complaint as required by this Court's Local Rules. *See* E.D. MICH. LR 15.1. Although leave to amend should be "freely granted," FED. R. CIV. 15(a), leave to amend is not appropriate

1

when amendment would be futile because the proposed claims fail to state a claim upon which relief may be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

Because plaintiff has failed to provide any detail regarding the nature of the proposed amended claims or a copy of the proposed amended complaint, it is impossible to tell if leave to amend would be futile. *Cf. Stambaugh v. Corrpro Cos.*, 116 Fed. Appx. 592, 598 (6th Cir. 2004) ("Even under the comparatively relaxed standards of Rule 15(a), a plaintiff must still offer some additional information so that the district court may determine whether the interests of justice indeed require a granting of leave to amend."); *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 896 (6th Cir. 2002) ("[I]mplicit in [the *Foman*] statement [about freely granting leave to amend] is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment."). "Without the proposed amended complaint, this Court has no ability to assess the merits of the proposed amended complaint to determine whether amendment would be futile." *Witek v. Mortgage Electronic Registration Sys., Inc.*, No. No. 1:11-CV-216, 2012 WL 2261363, at *6 (W.D. Mich. June 15, 2012); *accord Ayoub v. Unum Life Ins. Co. of America*, No. 06-CV-15768-DT, 2007 WL 1059177, at *5 (E.D. Mich. Apr. 6, 2007) (Cleland, J.).

Accordingly, it is ORDERED that plaintiff's motion to amend the complaint is hereby DENIED WITHOUT PREJUDICE to plaintiff filing a properly supported motion to amend along with a copy of his proposed amended complaint. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to

file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

    IT IS SO ORDERED.


Dated: July 24, 2013                        s/Paul J. Komives  
                                         PAUL J. KOMIVES  
                                         UNITED STATES MAGISTRATE JUDGE


I hereby certify that the foregoing document was sent to parties of record on July 22, 2013, electronically, and/or by U.S. mail.

                                         s/Michael Williams  
                                         Case Manager for the  
                                         Honorable Paul J. Komives.