UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Donjuarell Yowell,

    Plaintiff,

v.                                                                                  Case No. 13-10029

Raymond Booker, et al.,                                              Honorable Sean F. Cox
                                                                         Magistrate Judge Paul Komives

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S JULY 25, 2014 ORDER

This is a prisoner civil rights case. Plaintiff Donjuarell Yowell alleges that Defendant Raymond Booker, and others, were deliberately indifferent to his serious medical needs concerning his prosthetic leg in violation of his Eighth Amendment rights. The Court referred the matter to Magistrate Judge Paul J. Komives for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. #10).

Plaintiff filed a Motion to Appoint Counsel after the Complaint was filed, (Doc. #3), which Magistrate Judge Komives conditionally granted. (Doc. #14).

This matter has been before the Court on several prior occasions. On August 15, 2013, this Court accepted and adopted Magistrate Judge Komives's July 24, 2013 Report and Recommendation, thereby dismissing Plaintiff's claims against Dr. Vindhya Jayawardena ("Jayawardena"), M.D for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. #39).

On March 19, 2014, this Court accepted and adopted Magistrate Judge Komives's February

26, 2014 Report and Recommendation, thereby dismissing Plaintiff's claims against Defendant P.A. Campbell ("Campbell") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissing Plaintiff's unexhausted claims against Defendant Gause. (Mar. 19, 2014 Order, Doc. #59).

Thereafter, Plaintiff sought to file an Amended Complaint. (Mo. To File Amended Compl., Doc. #61). Plaintiff sought to re-plead his claims against Defendants Jayawardena and Campbell, and to add factual allegations against Defendants Simon, Booker, and Chapman. (Doc. #61). This non-dispositive motion was fully briefed by the parties.

On July 25, 2014, Magistrate Judge Komives issued an Order Granting in Part Plaintiff's Motion for Leave to File An Amended Complaint. (July 25, 2014 Order, Doc. #70). Magistrate Judge Komives granted Plaintiff's motion to amend his complaint as to Simon, Booker and Chapman, but denied Plaintiff's motion to amend as to Campbell and Jayawardena. (Doc. #70). Magistrate Judge Komives reasoned that Plaintiff's section 1983 claims against Campbell and Jayawardena had already been dismissed for failure to state a claim, and Plaintiff had not pleaded any new factual allegations which warranted a change in Magistrate Judge Komives's initial analysis:

> [T]he question here is whether plaintiff's proposed claims against Campell (¶¶ 11-16, 26-37, 82) and Jayawardena (¶¶ 11-16, 38-47, 82) state claims upon which relief may be granted. Generally, the May 6, 2014 proposed amended complaint (Doc. Ent. 61-1) alleges that plaintiff was seen by Jayawardena and Campbell on June 8, 2012 - at which time the worn out gel sleeve was noted but not treated - and on June 11, 2012 (¶¶ 11-12); and plaintiff requested a gel sleeve from Jayawardena and Campell on June 11, 2012, but they denied the request (¶¶ 13-14). Furthermore, the proposed amended complaint alleges:
>
>> Plaintiff was subsequently seen by Defendant Jayawardena and Defendant Campbell on several occasions where the need for a gel sleeve was noted, approval was noted, but . . . they continued to

> refuse to provide the gel sleeve. Defendant Jayawardena and Defendant Campbell knew denying Plaintiff's request would make Plaintiff's prosthesis insecure, wobbly, unstable and vulnerable to breaking.

Doc. Ent. 61-1 ¶¶ 15-16. In sum, plaintiff alleges that Campbell and Jayawardena's failure "to provide Plaintiff a gel sleeve for the entire period of his incarceration at [RRF] constituted deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution." Doc. Ent. 61-1 ¶ 82.

The proposed amended complaint's claims against Campbell and Jayawardena are largely similar. *Compare* Doc. Ent. 61-1 ¶¶ 26-37 (Campbell), ¶¶ 38-47 (Jayawardena). The main difference is that the claims against Campbell contain two (2) additional paragraphs:

> Plaintiff was seen by Defendant Campbell again on June 28, 2012. Plaintiff requested a gel sleeve at this meeting. Defendant Campbell again refused to provide the gel sleeve.
>
> Finally on September 17, 2012[,] Defendant Campbell submitted a request for Plaintiff's gel sleeve. She did so incorrectly and did not submit a correct request after she learned of her failure.

See Doc. Ent. 61-1 ¶¶ 29, 33.

In sum, Campell and Jayawardena argue that "[p]laintiff has not demonstrated that there are any new grounds to amend the complaint, when the Court has already found that Plaintiff fails to state a claim. Further, law of the case prohibits such an amendment, and such amendment would prejudice Defendants." Doc. Ent. 65 at 19. These positions are consistent with the July 16, 2014 statement of resolved and unresolved issues. Doc. Ent. 69 at 2.

My July 24, 2013 recommendation (Doc. Ent. 36) that the Court grant Jayawardena's motion to dismiss (Doc. Ent. 23) was based upon plaintiff's allegations regarding the one occasion on which Jayawardena saw plaintiff. See Doc. Ent. 36 at 8-10. My February 26, 2014 recommendation (Doc. Ent. 58) that the Court grant Campbell's motion to dismiss (Doc. Ent. 52) - specifically with respect to the prosthetic and gel sleeve - observed that "[b]y plaintiff's own allegations, Campbell addressed the issue and attempted to order a new gel sleeve for him. Although she filled out the form improperly, and did not immediately follow-up on the matter, this is insufficient to show that she was deliberately indifferent." Doc. Ent. 58 at 13-14. Moreover, I commented:

> Plaintiff's allegations show, at most, that defendant Campbell was negligent or grossly negligent in failing to properly fill out the order and follow up on the request. They do not plausibly show the type of

> subjective recklessness necessary to establish that defendant Campbell was deliberately indifferent to plaintiff's serious medical needs.

See Doc. Ent. 58 at 14.

To be sure, plaintiff replies in part that "[p]laintiff is requesting leave to file an amended complaint, to include additional information not included in the original complaint, which does properly state a claim against all Defendants named in Plaintiff's proposed amended complaint." Doc. Ent. 66 at 3. Plaintiff also replies that his proposed amended complaint states a claim and is not futile, because, among other things, it alleges that "he was not given any treatment[,]" and "he was completely denied medical care that in the opinion of the Defendants as demonstrated in the medical records was necessary." Doc. Ent. 66 at 3-4.

Furthermore, the Court acknowledges plaintiff's counsel's July 24, 2014 statement that plaintiff composed his original complaint without the assistance of counsel and without plaintiff's medical records. Moreover, the proposed amended complaint - drafted by counsel and well-organized - alleges multiple visits to Campbell and Jayawardena and multiple refusals. *See, i.e.*, Doc. Ent. 61-1 ¶¶ 11-12, 14-15, 30, 41. And, it alleges that plaintiff saw Campbell on June 11, 2012 and, finally, on September 17, 2012, submitted a request for plaintiff's gel sleeve. Doc. Ent. 61-1 at ¶¶ 26, 33.

Nonetheless, I conclude that the May 6, 2014 proposed amended complaint as to Campbell (Doc. Ent. 61-1 ¶¶ 11-16, 26-37, 82) and Jayawardena (Doc. Ent. 61-1 ¶¶ 11-16, 38-47, 82) would not effect [sic] the conclusions I reached in my previous reports and recommendations (Doc. Entries 36, 58) with regard to the claims against Campbell and Jayawardena in the original complaint (Doc. Ent. 1). Therefore, plaintiff's May 6, 2014 motion for leave to file an amended complaint (Doc. Ent. 61) is denied to the extent it seeks to amend his complaint to reinstate claims against Campell and Jayawardena as proposed.

(Doc. #70 at 5-7)

Plaintiff filed Objections to Magistrate Judge Komives's July 25, 2014 Order. (Doc. #71). Plaintiff claims that Magistrate Judge Komives failed to analyze or consider whether the proposed amended complaint, including the new allegations, states a claim for medical indifference against Jayawardena and Campbell. (Doc. 71).

A motion for leave to file an amended complaint is non-dispositive. *See* Local Rule 7.1. Magistrate Judge Komives had the authority to issue an order on Plaintiff's motion for leave to file

an amended complaint pursuant to 28 U.S.C. section 636(b)(1)(A). Under this statute, "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

To state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or the laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *See Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir. 1994). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.*, quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Having reviewed the parties' briefs, Magistrate Judge Komives's July 25, 2014 Order (Doc. #70), Plaintiff's Proposed Amended Complaint (Doc. #61 Ex. 1), and Plaintiff's Objections to the Magistrate Judge's July 25, 2014 Order (Doc. #71), the Court finds that Plaintiff has failed to demonstrate that Magistrate Judge Komives's July 25, 2014 Order is clearly erroneous or contrary to law. Therefore, the Court shall overrule Plaintiff's Objections to the same and dismiss Plaintiff's appeal of the Magistrate Judge's July 25, 2014 Order in this case.

**IT IS SO ORDERED.**

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: January 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on

January 29, 2015, by electronic and/or ordinary mail.

        <u>S/Jennifer McCoy</u>
        Case Manager