UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DonJuarell Yowell,

    Plaintiff,

v.                                                    Case No. 13-10029
                                                       Honorable Sean F. Cox
Raymond Booker, *et. al.*,                    Magistrate Judge Elizabeth A. Stafford

    Defendants.

_____/

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff DonJuarell Yowell ("Plaintiff"), a Michigan Department of Corrections ("MDOC") prisoner with a prosthetic leg below the right knee, filed this action against Defendants Annetta Simon, Willis Chapman and Raymond Booker (collectively, "Defendants") alleging that: (1) Defendants exhibited deliberate indifference to Plaintiff's serious medical needs, in violation of his Eighth Amendment rights; and (2) that Defendants Chapman and Booker transferred Plaintiff to another facility in retaliation for filing grievances, in violation of Plaintiff's First Amendment rights. (Doc. #76, Am. Compl.).

Upon commencement of Plaintiff's suit, this Court referred all pretrial matters to Magistrate Judge Paul J. Komives pursuant to 28 U.S.C. 636(b)(1)(A) and (b)(1)(B). (Doc. #10). On January 7, 2015, a text-only order of reassignment from Magistrate Judge Paul J. Komives to Magistrate Judge Elizabeth A. Stafford was entered. Sometime thereafter, Defendants filed the instant motion for summary judgment seeking dismissal of Plaintiff's claims. (Doc. #83, Def.s' Br.). Plaintiff filed a response opposing Defendants' motion, but agreeing to drop his claims

1

against Defendant Booker, (Doc. #84, Pl.'s Resp.), and Defendants filed a reply brief. (Doc. #89, Def.s' Reply). Magistrate Judge Stafford declined to hear oral argument as to the motion pursuant to E.D. Mich. L.R. 7.1(f)(2). (Doc. #93).

On August 17, 2016, Magistrate Judge Stafford issued a Report and Recommendation ("R&R"), wherein she recommended that this Court GRANT Defendants' summary judgment motion because no reasonable juror could find for Plaintiff on any of his claims. (R&R at 2). Plaintiff timely objected to the R&R on August 26, 2016. (Doc. #98, Pl.'s Objs.). Defendants responded to Plaintiff's objection on September 9, 2016. (Doc. # 100, Def.'s Resp.).

The Court finds Plaintiff's objections to be improper and without merit. Therefore, the Court shall **ADOPT the R&R** and **GRANT** Defendants' motion.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. FED. R. CIV. P. 72(b)(2). Objections must "(A) specify the part of the order, proposed findings, recommendations, or report to which a person objects; and (B) state the basis for the objection." E.D. MICH. LR 72.1(d). Objections are not "a second opportunity to present the argument already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). Moreover, the district court should not consider arguments that have not first been presented to the magistrate judge. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 785 (E.D.N.C. 2011). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

## ANALYSIS

In their motion, Defendants argued that: (1) Plaintiff did not have a serious medical need and that Defendants did not ignore his medical needs; (2) that Plaintiff has failed to produce evidence of an adverse action or any evidence causation for his retaliation claim because the central office, and not Defendant Chapman, transferred Plaintiff; and (3) that Plaintiff failed to exhaust his administrative remedies as to his retaliatory transfer claim. (Def.s' Br. at i).

Magistrate Judge Stafford agreed with Defendants, to an extent. First, the Magistrate Judge concluded that Plaintiff failed to establish the subjective component of deliberate indifference - *i.e.*, that defendants subjectively perceived and recklessly disregarded a substantial risk of serious harm. (R&R at 16). As to Defendant Simon, the Magistrate Judge found that no reasonable jury could find that Simon recklessly disregarded Plaintiff's medical needs because "she was consistently responsive to his requests for medical attention and the delay was out of her control." (*Id.*). As to Defendant Chapman, the Magistrate Judge found that Chapman's alleged failure to act–ignoring three letters that Plaintiff sent regarding his need for treatment–is not enough to establish liability under the deliberate indifference standard. (*Id.* at 18-19). Second, Magistrate Judge Stafford concluded that Plaintiff failed to establish each element of a First Amendment retaliation claim.[1] (*Id.* at 20). Specifically, she held that Plaintiff failed to establish that Defendant Chapman took any adverse action against him. (*Id.*).

---

[1] The Magistrate Judge held that questions exist as to whether or not Plaintiff exhausted his administrative remedies, but because Plaintiff failed to establish a First Amendment retaliation claim, summary judgment was still appropriate.

3

Plaintiff has lodged three objections to the August 17, 2016 R&R, disagreeing with each of the Magistrate Judge's findings above. The Court finds that Plaintiff has not asserted any proper objections to the R&R. As explained below, Plaintiff's objections advance the same arguments that Magistrate Judge Stafford has already rejected without pointing to a specific deficiency in the Magistrate Judge's reasoning. Additionally, the Court agrees with the Magistrate Judge's analysis as to the challenged issues.

**Objection #1**

Plaintiff first argues that, contrary to the Magistrate Judge's findings, Defendant Simon's consistent responses did not amount to any treatment and that the delay was in fact within Defendant Simon's control. (Pl.'s Objs. at 4-5). Thus, Plaintiff concludes that a reasonable juror could find that Defendant Simon recklessly disregarded Plaintiff's serious medical needs. Plaintiff's argument here has already been advanced before the Magistrate Judge, (*see* Pl.'s Resp. at 18-20), and Magistrate Judge Stafford correctly pointed out the following:

> Yowell acknowledges Simon made efforts on his behalf, including her July 2 response to his letter to Booker, her email to DWH on July 3, and her scheduling of an appointment with an orthoptist on July 11. He also makes reference to Simon's September 7 response to his August 23 kite, in which she stated that she had contacted DWH on August 27 to check on the status of his prosthetic, and that he would be scheduled for an appointment in September. [R. 84-21, PgID 1306]. The record also shows that Simon responded to Yowell's June 5 grievance the day it was assigned to her, [R. 83-4, PgID 996]; responded to Yowell's letter to Booker the same day it was forwarded to her, [R. 83-2, PgID 1000]; responded to Yowell's July 12 kite the next day, noting that an appointment had been scheduled, [R. 83-3, PgID 937]; and checked the status of his prosthetic leg on August 27 after receiving his August 23 letter to her, [R. 84-21, PgID 1306].
>
> **While this Court is sympathetic with Yowell's frustrations surrounding the delays in treatment, those delays were not within the purview of Simon's duties**. **Her unit did not provide physical therapy, prosthetic legs, or gel sleeves; those were DWH's responsibilities.** [R. 84-28, PgID 1350]. **Simon had no control over the operations at DWH beyond sending the orders there and**

4

> **following up to make sure they are received.** [*Id.*, PgID 1350-53]. Thus, the delay from the approval of Yowell's new gel sleeve to when he was seen by Hunter – June 11 to July 26 – was out of Simon's control. [R.83-2, PgID 872, 1000; R. 84-11, PgID 1173]. **That Yowell's prosthetic began to fall apart days before the July 26 appointment was also out of [Simon's] control**, and until August 23, Simon had no reason to know that Yowell was in need of a new leg. [Yowell] made no complaints regarding his leg and PA Campbell described him as being "negative for gait disturbance" during appointments in August. [R. 83-3, PgID 939-42]. **Simon also had no control over when the new prosthetic would be ready, and no fault in the cancellation of [Yowell's] September 20 appointment with DWH due to a change in DWH procedure.**

(R&R at 16-18) (emphasis added). Based upon the undisputed facts outlined in the R&R, the Court agrees with Magistrate Judge Stafford's recommendation – that Defendant Simon was consistently responsive to Plaintiff's complaints and that Simon bore no responsibility for the delays that Plaintiff suffered. Accordingly, Plaintiff's first objection is overruled.

**Objection #2**

Next, Plaintiff "objects to Magistrate Judge Stafford's finding that Defendant Chapman's alleged failure to act is not enough to establish liability." (Pl.'s Objs. at 7). As to this issue, the R&R accurately summarized Plaintiff's position as follows: "[Plaintiff] claims that Warden Chapman was deliberately indifferent because Chapman ignored three letters that [Plaintiff] sent about his need for treatment." (R&R 18-19). The Magistrate Judge then correctly concluded that "Chapman's alleged failure to act is not enough to establish liability; [Plaintiff] must establish that Chapman participated in, encouraged or implicitly acquiesced in unconstitutional conduct." (R&R at 19) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

Notably, Plaintiff agrees that, for purposes of liability, he must establish participation, encouragement or implicit acquiescence in the alleged unconstitutional conduct. However, Plaintiff asserts that, here, Defendant Chapman's liability is not premised on his failure to act.

5

Instead, Plaintiff argues that Chapman directly participated in the delay by failing to forward Plaintiff's letters to the health care unit. (*Id*.). Plaintiff further asserts that Chapman's knowledge of the delay in medical treatment coupled with Chapman's act of ignoring Plaintiff's three letters constitutes active unconstitutional behavior. (*Id*.).

Plaintiff's argument is without merit. Plaintiff is essentially arguing that Defendant Chapman *actively participated* in the alleged unconstitutional behavior at issue by *failing to act* (*i.e.* failing to forward Plaintiff's letters). Plaintiff's reasoning here belies common sense – one cannot actively participate in conduct by failing to act. Moreover, Plaintiff's position conflicts with applicable case law, which, as Magistrate Judge Stafford correctly noted, stands for the proposition that a defendant's failure to act is insufficient to establish deliberate indifference. As such, Magistrate Judge Stafford properly recommended disposal of the deliberate indifference claim against Defendant Chapman. Plaintiff's second objection is therefore overruled.

**Objection #3**

In his last objection, Plaintiff takes issue with the R&R's conclusion that a First Amendment retaliation claim cannot be established here. (Pl.'s Objs. at 7). Plaintiff asserts that a reasonable jury could find that Chapman took an adverse action against him based on the following evidence: (1) the reason communicated for Plaintiff's transfer was false; (2) Plaintiff's transfer was closer in time to the filing of his grievances than to the date Plaintiff began using crutches; and (3) Chapman's signature is on the transfer order. (Pl.'s Objs. at 7).

The problem with Plaintiff's objection is that it consists of arguments that have already been properly rejected by Magistrate Judge Stafford:

> Here, [Plaintiff] presented insufficient evidence that Chapman took any adverse action against him. [Plaintiff] alleges that Chapman transferred him to Oaks in

6

order to retaliate for his grievance. As evidence that Chapman was responsible for his transfer, [Plaintiff] points to Chapman's signature on the transfer order and the order's comment stating, "Transfer for wheelchair needs," even though [Plaintiff] did not need a wheelchair. [R. 84-12, PgID 1186-87]. **But Robin Gilbert, the Classification Specialist at MDOC's Central Office, submitted an affidavit stating that the MDOC transitioned RRF into a parole-violator facility, and that the Central Office decided where all the prisoners who had been housed there would be transferred.** [R. 83-9, PgID 1012-13]. **She said that all prisoners who were confined to wheelchairs, or relied on crutches or canes were placed on a "wheelchair" list and transferred to Oaks by the Central Office because it could accommodate their needs.** [R. 83-9, PgID 1013]. Consistent with Gilbert's affidavit, Chapman testified by affidavit that he had no discretion regarding where [Plaintiff] was transferred and merely signed the already completed transfer order to verify that it had no errors. [R. 89-4 PgID 1497-98]. **In addition, the transfer order itself states that it was approved by "R. Gilbert."** [R. 84-12, PgID 1186].

(R&R at 20-21) (emphasis added). Plaintiff's objection fails to point to a specific deficiency in the Magistrate Judge's reasoning. Further, the Court agrees with Magistrate Judge Stafford as to this issue. As such, Plaintiff's third objection is overruled.

## CONCLUSION

For the foregoing reasons, the Court shall **ADOPT AND ACCEPT** the August 17, 2016 R&R. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's claims against Defendants Simon, Chapman and Booker are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 13, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DonJuarell Yowell,

    Plaintiff,

v.                                                          Case No. 13-10029
                                                           Honorable Sean F. Cox
Raymond Booker, *et. al.*,                 Magistrate Judge Elizabeth A. Stafford

    Defendants.
_____/

## PROOF OF SERVICE

       I hereby certify that a copy of the foregoing document was served upon counsel of record on September 13, 2016, by electronic and/or ordinary mail.

                                     S/Jennifer McCoy
                                     Case Manager